**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 24, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 05-30297

(Summary Calendar)

_____

SEALED APPELLANT 1,

Plaintiff - Appellant,

v.

SEALED APPELLEE 1,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
No. 3:03-CV-771

_____

Before SMITH, STEWART, AND PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant appeals the district court's grant of summary judgment in favor of Defendant-Appellee. Appellee is a recording artist. Appellant is Appellee's former manager. Appellant alleges that, under a management contract Appellee signed with her in the 1980s, she is entitled to further royalties for albums Appellee recorded under an October 22, 1992 record contract with Curb Records ("Curb Records contract").

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Appellant first brought suit against Appellee in the mid-1990s for breach of the management contract. Appellant secured an award by arbitration that was ultimately affirmed by this court on November 13, 1997. The terms of the arbitration award bears on Appellant's current lawsuit against Appellee, in which she contends that the district court erroneously granted summary judgment.

Appellant makes two arguments. First, she contends that there was insufficient evidence for the district judge to grant summary judgment on the issue of whether the "initial period" requirement of the Curb Records contract was fulfilled. Second, she argues that the district judge erred by failing to read the management contract between her and Appellee in pari materia with the Curb Records contract, which resulted in a premature discontinuation of her royalty interests.

Reviewing de novo the district court's grant of summary judgment, we affirm. See Degan v. Ford Motor Co., 869 F.2d 889, 892 (5th Cir. 1989).

Appellant's first argument fails because the district judge relied on the affidavits of individuals based on their personal knowledge. See FED. R. CIV. P. 56(e). Under the arbitration award, Appellant was awarded fifteen percent commission on certain royalties paid under the Curb Records contract. The Curb Records contract provided for an "initial period" and deemed Appellee's previous recordings with Curb

Records to have fulfilled the recording commitment during that period.[1]  Appellee and his personal manager, Scott F. Siman, provided affidavits attesting to the fact that the initial period requirement was fulfilled.  Both stated, based on their personal knowledge, that Appellee had previously produced three recordings under a prior agreement with Curb Records.  By the terms of the Curb Record contract, these previous recordings fulfill the initial period requirement.

Appellant's second argument fails because any alleged payments she was due to receive under her management contract with Appellee was limited by the arbitration award that resulted from her initial lawsuit.  In the district court's August 6, 1999 order approving the arbitration award, it clearly stated that "[p]ayments shall be made to [Appellant] as set forth above until the October 22 Curb Records agreement terminates its terms, which is nine months after delivery to Curb Records of all masters required during the final option period."  Appellee successfully fulfilled the terms of the Curb Records contract when he delivered the eighth and final album required under the Curb

---

[1] The contract reads: "All masters previously recorded by you under any agreement with any firm owned or affiliated with Mike Curb ("Prior Agreement") shall be deemed to be Masters recorded during the initial period of this agreement and shall be deemed to have fulfilled your required recording commitment during the initial period of this agreement."

3

Records contract to Curb Records on September 19, 2002.[2]  Thus, Appellant was entitled to payments until nine months after September 19, 2002, and no more.

AFFIRMED.

---

[2] The pertinent provision reads: "You grant Curb eight (8) options, each to extend the term of this agreement for one option period commencing immediately upon expiration of the then current period (i.e., the initial period or an option period, as the case may be) and continuing until nine (9) months after your delivery to Curb of all Masters required during such option period . . . ."